**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EDGAR PERPETUO LUCAS PEREZ

Petitioner,

v. No. 1:26-cv-02869-KG-KRS

STEPHANIE Y. REYNOLDS, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Edgar Perpetuo Lucas Peres' Petition for a Writ of Habeas Corpus ("Petition"), Doc. 1, and Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss"), Doc. 8. For the reasons below, the Court denies the Petition and grants the Motion to Dismiss.

***I. Background***

Petitioner is a native and citizen of Guatemala who entered the United States on or about May 28, 2019 on an H-2A nonimmigrant agricultural worker visa. Doc. 1 at 2. He remained in the United States after the visa expired. *Id.* On July 8, 2026, Petitioner was detained by Immigration Customs Enforcement ("ICE") agents. *Id.* He was initially detained at a detention facility Buffalo, New York. On July 29, 2026, Petitioner received a custody determination hearing. The Immigration Judge ("IJ") denied Petitioner's request and concluded that he was a flight risk. *Id.* at 2. The IJ's order states that the decision was "informally explained" at "the bond hearing on the Digital Audio Recording, and further explains in this short order. A further bond memorandum will be provided if needed at a later date." Doc. 8-1. The Department of Homeland Security ("DHS") later transferred Petitioner to the Torrence County Detention Facility in Estancia, New Mexico. Doc. 1 at 3.

Petitioner filed his Petition with the Court on August 31, 2026 seeking (1) immediate release, or, in the alternative, (2) a new custody redetermination hearing. Doc. 1 at 7. As grounds for his requested relief, Petitioner alleges that his continued detention violates the Fifth Amendment Due Process Clause because his confinement is governed by 8 U.S.C. § 1226(A). He further asserts that the IJ's custody determination does not have adequate written findings, the IJ's failure to take into account the circumstances of his arrest, and the IJ's failure to issue a written memorandum regarding the bond denial violate the Fifth Amendment Due Process Clause. *Id.* at 4-6. Respondents filed a Motion to Dismiss the Petition. Doc. 8.

## *II. Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an IJ's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e); *cf.* 8 C.F.R. § 1003.10(a) (noting that IJs are appointed by the Attorney General to "act as the Attorney General's delegates in the cases that come before them").

***III. Analysis***

As an initial matter, 8 U.S.C. § 1226 governs Petitioner's detention as he received custody determination on July 26, 2026. *See* § 1226(a); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025) (discussing how § 1225(b), the other statute governing pre-removal detention, "mandates detention and affords no bond hearing."). The Court declines to grant relief because Petitioner received the due process he is entitled to under the statute governing his detention, § 1226. *See Cortez-Gonzalez v. Noem*, 811 F.Supp.3d 1287, 1298 (D.N.M. 2025) (concluding petitioner detained pursuant to § 1226 was entitled to a bond hearing and continued detention without such review was an ongoing violation of due process rights); *Mieles-Parraga v. Bondi*, No. 2:26-cv-00646-KG-JHR, 2026 WL 776489, at *2 (D.N.M. March 19, 2026) (ruling petitioner's detention absent a bond hearing violated the Fifth Amendment Procedural Due Process Clause). The IJ found that Petitioner was a flight risk. Doc. 8-1. This Court cannot review an IJ's fact-based determination that a person is not entitled to release following a custody determination hearing. A district court may not review an IJ's discretionary custody determination. *See* 8 U.S.C. § 1226(e). As such, the Court may not review the IJ's factual findings regarding flight risk, nor can it review the IJ's application of those findings to make custody determination.

Petitioner's assertions regarding the sufficiency of the IJ's oral and written findings on the record are also outside the purview of this Court. *See* Doc. 1 at 4-6. The Court cannot evaluate the IJs' consideration of the evidence. The Court is bound by the jurisdictional limits of § 1226(e). Nothing in the record suggests that the hearing was procedurally deficient. Petitioner

may seek review of the immigration judge's bond decision by pursuing an appeal to the Board of Immigration Appeals or by filing a request for a bond redetermination with the appropriate authorities. *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also* 8 CFR § 236.1(d)(1), (3); § 1003.1(b)(14).

## ***IV. Conclusion***

For the reasons above, Court denies the Petition, Doc. 1, without prejudice. Respondents' Motion to Dismiss, Doc. 8, is hereby granted.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.